## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**EUGENE ELLIOTT MORLEY, #1199472**

        **Petitioner,**

v.                                        **Civil Action No.  2:15CV134**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Eugene Elliott Morley's ("Morley") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 20.  The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  For the following reasons, the undersigned finds that Morley's claims are without merit, and therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 20, be **GRANTED**, and Morley's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKROUND

Terrika McLean (McLean) testified that on the morning of March 15, 2009, she drove herself and Morley—whom she had known for approximately three months—to church in

McLean's recently purchased 1985 Mercedes Benz. ECF No. 22 at 4. After the service, and at Morley's direction, McLean drove to a recreation center in Little Creek. *Id.* Morley got out of the car and after a brief absence returned and asked McLean to take him to a residence in Park Place to get drugs. *Id.* at 5. McLean, still in the driver's seat, responded that the car was uninsured and that she did not want to drive him to Park Place. *Id.* After Morley's efforts to convince McLean failed, McLean testified that Morley became "upset" and "angry," and "snatched" the keys out of the ignition. *Id.*

McLean then opened the driver's side door to try to flag down someone to help her. *Id.* While McLean pleaded with a passerby to call the police, Morley put the keys back in the ignition, started the car, and began moving over to the driver's seat, attempting to push McLean out of her car through the open driver's side door. *Id.* Morley then depressed the accelerator before McLean was entirely out of the car. *Id.*

McLean testified that the next thing she remembered was waking up in the nearby grass with a leg injury, later determined to be a skin avulsion—where "the top layer of skin is ripped off and the bone is showing"—but the bone itself is not broken. *Id.* at 6. Upon cross-examination, Ricardo Hicks, a responding firefighter with Norfolk Fire and Rescue, testified that McLean advised him that she was prescribed "Clonazepam." *Id.* Officer Quacine Tomlinson of the Norfolk Police Department testified that during questioning, Morley repeatedly stated that he was not the driver of the car at the time McLean was injured. *Id.*

On July 28, 2010, Morley was convicted of one count of carjacking, in violation of Va. Code § 18.2-58.1, and one count of violation of the terms of his (unsupervised) probation after a jury trial in the Circuit Court for the City of Norfolk ("Norfolk Circuit Court"). On July 8, 2011, Morley was sentenced to eighteen years and nine months, with five years suspended.

2

Morley appealed his conviction to the Court of Appeals of Virginia, which denied the appeal on November 18, 2011, for untimely filing of trial transcripts. *Morley v. Commonwealth*, No. 1823-11-1 (Va. Ct. App. Nov. 18, 2011). Accordingly, Morley was granted a belated appeal to the Court of Appeals, which was denied by per curiam opinion on June 12, 2012. *Morley v. Commonwealth*, No. 0107-12-1 (Va. Ct. App. June 12, 2012). It appears that Morley's appointed appellate counsel failed to appeal to the Supreme Court of Virginia. Pet'r's Mot. for Leave to Pursue Delayed Appeal, No. 0107-12-1 (Va. Aug. 16, 2012). Accordingly, Morley was granted a belated appeal to the Supreme Court of Virginia on October 24, 2012. Pet. for Appeal, No. 0107-12-1 (Va. Oct. 24, 2012). The Supreme Court of Virginia refused his petition on May 3, 2013. *Morley v. Commonwealth*, No. 121806 (Va. May 3, 2013). On April 25, 2014, Morley filed a timely petition for a writ of habeas corpus to the Circuit Court for the City of Norfolk ("state habeas court"), on the following grounds:

> A(1). Ineffective Assistance of Trial Counsel: Trial counsel failed to object to the complainant, McLean's description of her injury and demonstration of her leg to the jury.

> A(2): Trial Court Error: Trial court erred in overruling trial counsel's objection when McLean testified that Morley "had just gotten out of jail."

> (B)(1): Ineffective Assistance of Trial Counsel: Trial counsel "fail[ed] to proffer jury instructions for attempt[ed] carjacking[,] leaving with but one charge" to consider. Trial counsel should have researched additional case law supporting his proffered instruction on attempted carjacking after the trial court refused the instruction.

> (B)(2): Trial Court Error: Trial court refused trial counsel's proffered instruction on attempted carjacking.

> (C): Prosecutorial Misconduct: The Commonwealth "excluded exculpatory evidence of prior false testimony [by McLean in the form of a medical report completed by responding emergency personnel] and used ambush tactic[s] by untimely turning over key evidence moments before trial[,] leaving Petitioner unprepared for trial." Morley urges that the jury should have been informed that

McLean took medication for a mental condition, which could have affected her memory.

(D): Trial Court Error: Trial court failed to grant Petitioner's motion to set aside the verdict based upon juror bias.

(E)(1): Ineffective Assistance of Appellate Counsel: Appellate counsel missed two filing deadlines.

(E)(2): Ineffective Assistance of Appellate Counsel: Appellate counsel raised an "incorrect argument" on appeal.

The Norfolk Circuit Court dismissed Morley's habeas petition on July 9, 2014. *Morley v. Commonwealth*, No. CL14003336-00, at 12-13 (Va. Cir. Ct. July 9, 2014). That court found that claims (A)(2), (C), and (D) were barred under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because they presented non-jurisdictional issues. Specifically, Morley knew of these claims and could have raised them at trial and on direct appeal, but failed to do so. *Id.* at 6-7. The Norfolk Circuit Court further noted that the remainder of Morley's claims, pertaining to counsel at the trial and appellate levels, failed to satisfy both the performance and prejudice prongs of the *Strickland v. Washington*, 466 U.S. 668, 687 (1994) test for determining ineffective assistance of counsel. *Id.* at 8-12.

On August 6, 2014, Morley appealed the denial of his state habeas petition to the Supreme Court of Virginia, raising the same five grounds. The Supreme Court of Virginia refused Morley's petition for appeal on March 17, 2015, finding no error in the lower court's ruling. *Morley v. Commonwealth*, No. 141590 (Va. March 17, 2015). Morley filed the instant Petition on March 23, 2015. ECF No. 1.

In the instant Petition, Morley raised the same grounds alleged in his state habeas petition. *Id.*

On October 1, 2015, the Attorney General of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, a Rule 5 Answer, a brief in support, and a *Roseboro* notice. ECF Nos. 20-23. Morley filed a brief in opposition to the Motion to Dismiss on October 26, 2015. ECF No. 30. Therefore, the Motion to Dismiss is ripe for a recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia denied Morley's petition for a writ of certiorari on May 3, 2013; therefore Morley's time for filing a writ of habeas corpus in this Court began on August 1,

2013, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Morley had until August 1, 2014, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court. However, this time period was statutorily tolled from April 25, 2014, when Morley filed his state habeas petition in the Norfolk Circuit Court, until March 17, 2015, when the Supreme Court of Virginia dismissed his petition, or for three hundred and twenty-six (326) days. *Morley*, No. CL14003336-00; *Morley*, No. 141590; *c.f. Lawrence v. Florida*, 549 U.S. 327, 334-36 (2007) (holding the petitioner is not entitled to tolling for the additional ninety days to file a petition for writ of certiorari to the United States Supreme Court following state collateral review, even if the petition for certiorari is actually filed). The instant Petition was filed on March 23, 2015, and as such complies with the § 2244(d)(1) one-year statute of limitations.[1] Therefore, the undersigned **FINDS** that Morley's Petition is timely.

## B. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims and whether the petitioner's claims are barred by procedural default. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for

---

[1] The Respondent conceded that Morley's petition for a writ of habeas corpus in this Court was timely filed on March 23, 2015. ECF No. 20 at 3.

federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Morley raised all present claims in his prior petition to the Supreme Court of Virginia, as well as in his direct appeals to the Virginia Court of Appeals and the Supreme Court of Virginia. *Morley*, No. 141590; *Morley*, No. 121806; *Morley*, No. 0107-12-1. Additionally, this Court notes that the Respondent conceded that all of Morley's claims are exhausted, having all been presented to the Supreme Court of Virginia on collateral review. ECF 20 at 7. Accordingly, the undersigned **FINDS** that Morley has properly exhausted his state remedies.

## C. Claims (A)(2), (C), and (D) and Procedural Default

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196

(4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In Claim (A)(2), Morley argued that the trial court erred in overruling defense counsel's objection to testimony that Morley "had just gotten out of jail." EFC No. 7 at 25. In Claim (D), Morley argued trial court error in failing to grant his motion to set aside the verdict based upon juror bias. *Id.* The Norfolk Circuit Court dismissed both Claims (A)(2) and (D) in Morley's state habeas petition as procedurally deficient, noting that Morley could have raised the claims at trial and on direct appeal, but failed to do so. *Morley*, No. CL14003336-00, at 6 (citing *Slayton v. Parrigan*, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)). The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for a decision." *Mu'Min*, 125 F.3d at 196. Therefore, Claims (A)(2) and (D) are procedurally defaulted.

In Claim (C), Morley asserted one item of alleged *Brady* evidence: a report by emergency response personnel stating that McLean suffered from depression and took "Calazapan." EFC No. 7 at 30. The Norfolk Circuit Court adjudged this claim as "without merit under *Brady* and its progeny," finding that the report did not contradict McLean's account of the accident and was therefore not exculpatory. *Morley*, No. CL14003336-00, at 6 n.2. Additionally, the court found that Morley was able to effectively address the report at trial, despite receiving the report from the Commonwealth on the day of trial. *Id.* With these findings, the Norfolk Circuit Court dismissed Claim (C) as Morley lacked standing to bring it after failing to raise the claim at trial or on appeal. *Id.* at 6. Accordingly, Claim (C) is procedurally defaulted. *See Prieto v. Zook* 791 F.3d 465, 468-69 (4th Cir. 2015) (citing the *Slayton*, 215 Va. at 27, procedural rule that a "non-jurisdictional issue [that] could have been raised during the direct appeal process . . . is not

cognizable in a petition for a writ of habeas corpus"); *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for a decision"); *see also Mu'Min*, 125 F.3d at 196.

Morley may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris v. Reed*, 489 U.S. 255, 262 (1989)). First, for "cause and prejudice" to excuse Morley's procedural default, Morley must "show that some objective factor external . . . impeded [his] efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and that there is actual prejudice from his inability to raise the issue, meaning the errors did not constitute just a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Morley did not assert any external, objective factor that disabled him from raising the three procedurally defaulted claims at trial or on direct appeal. Rather, in reference to Claims (C) and (D), he conclusorily suggested that he "raised these issue(s) in a timely manner." ECF No. 26 at 5-6. Accordingly, the undersigned would find that Morley failed to set forth sufficient cause to overcome procedural default. Because Morley cannot show cause for his procedural default, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding). Therefore, the undersigned would find that Morley failed to make an adequate showing of cause to excuse procedural default of his claims.

Second, to overcome procedural default by actual innocence, it is not sufficient to merely show that a reasonable doubt exists in light of any new evidence. Rather, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 326 (1995). "The *Schlup* mandate thus ensures that a gateway actual innocence assertion must be 'truly extraordinary,' and its appropriate application thus provides 'a meaningful avenue by which to avoid a manifest injustice.'" *Wolfe v. Johnson*, 565 F.3d 140, 164 (4th Cir. 2009) (citing *Schlup*, 513 U.S. at 327) ("Under *Schlup*, the evidence necessary for a showing of actual innocence must be 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"). This standard is not easily met. *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

In his opposition to Respondent's Motion to Dismiss, Morley addressed the "miscarriage of justice" exception to procedural default. ECF No. 26 at 4. However, he failed to allege any facts to support his conclusory allegations that he is actually innocent, and failed to identify any "new, reliable evidence." *Wolfe*, 565 F.3d at 164 (citing *Schlup*, 513 U.S. at 327). Rather, Morley pointed to McLean's trial testimony, claiming that sustaining his conviction on the basis of "a non-credible witness" would result in a "gross miscarriage of justice." ECF No. 26 at 4. This, and Morley's assertion that he is only guilty of attempted carjacking, fail to qualify as new evidence "that was not presented at trial." *Wolfe*, 565 F.3d at 164 (citing *Schlup*, 513 U.S. at 327).

In the instant Petition, Morley maintained his actual innocence of carjacking, alleging that he failed to gain complete control of McLean's car, as Morley contends the statute requires.

ECF No. 7 at 18, 28. However, Morley admits that the evidence was "obviously" sufficient to convict him of the lesser crime of attempted carjacking. *Id.* at 28. Specifically, he conceded that the evidence proved he possessed the requisite intent to commit the carjacking and that he completed a "direct, ineffectual act" in pursuit of that goal. *Id.* Morley might argue that the evidence against him was too weak to support the carjacking conviction, but that is not the appropriate "miscarriage of justice" standard to overcome procedural default by a showing of actual innocence. Accordingly, Morley fails to set forth any evidence, or argument, that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Wolfe*, 565 F.3d at 164 (citing *Schlup*, 513 U.S. at 327). The undersigned finds that Morley's aforementioned claims are procedurally defaulted and, therefore, the undersigned **RECOMMENDS** that Claims (A)(2), (C), and (D) be **DISMISSED** as procedurally defaulted.

## D. Ineffective Assistance of Counsel Claims: Claims A(1), B(1), E(1), and E(2)

In Claim (A)(I), Morley argued his trial counsel was ineffective because trial counsel failed to object to McLean's description of her injury and demonstration of her leg to the jury.[2] EFC No. 7 at 24. The Supreme Court of Virginia found no reversible error in the Norfolk Circuit Court's dismissal of Morley's Claim (A)(1). *Morley*, No. 141590. The Norfolk Circuit Court found that Morley's claim rested on a false premise because trial counsel did, in fact, object on several occasions to McLean's description of her leg and physical demonstration of her injury to the jury. *Morley*, No. CL14003336-00, at 8-9. As such, the Circuit Court held that Claim (A)(1)

---

[2] During the carjacking, McLean's left leg protruded from the car and dragged along the ground while the car continued rolling. ECF No. 7 at 18-19. Then, McLean was thrown from the car when it collided with part of the Titustown Recreation & Visual Arts Center in Norfolk, Virginia. *Id.* When McLean tried to get up, she fell down and noticed "a white bone sticking out of [her left] leg." *Morley*, CL14003336-00, at 4 (citing 7/27/2010 Tr. at 109). The injury was later determined to be a skin avulsion, where "the top layer of the skin is ripped off and bone is showing," but the bone itself was not broken. *Id.* at 5 (citing 7/27/2010 Tr. at 137-38). At trial, the Commonwealth asked McLean to show her leg injury to the jury and defense counsel objected, but the Norfolk Circuit Court overruled defense counsel's objection, stating, "I will let her show the jury any injury she has as a result of the alleged actions of the defendant." *Id.* (citing 7/27/2010 Tr. at 108).

in Morley's state habeas petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984), two-prong test. *Id.*

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e] [U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

The United States Supreme Court summarized the high bar petitioners face in a federal habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of Morley's ineffective assistance of counsel claims. Generally, to be entitled to habeas relief in state court, Morley has to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland*, 446 U.S. at 700. First, to establish deficient performance, Morley must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Morley must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The Supreme Court of Virginia was not unreasonable in affirming the Norfolk Circuit Court's finding that Morley failed to satisfy *Strickland*'s demanding standard on both the performance and the prejudice prongs with respect to Claim A(1). With respect to the

performance prong, as the Norfolk Circuit Court explained, the trial transcript indicates that counsel did, in fact, object when the Commonwealth requested that McLean show her leg injury to the jury. The trial judge overruled the objection, stating, "I will let her show the jury any injury she has as a result of the alleged actions of the defendant." *Morley*, No. CL14003336-00, 8-9 (citing 7/27/2010 Tr. at 108). Finding that Claim (A)(1) rested on a false premise, the Norfolk Circuit Court dismissed the claim.

The Supreme Court of Virginia's affirmation of the dismissal was objectively reasonable, as the record demonstrates that trial counsel attempted the objection at issue at least once. After the trial court overruled the objection once, counsel was not required to re-urge the objection. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that "counsel is not required to make futile motions or objections"). Regarding the prejudice prong, the Supreme Court of Virginia also reasonably affirmed the Norfolk Circuit Court's finding that trial counsel objected to the testimony complained of. Since the transcript clearly disproves Morley's contention that his counsel failed to object, he cannot demonstrate prejudice in any respects. Because the Supreme Court of Virginia did not unreasonably affirm the Norfolk Circuit Court's application of *Strickland* to Claim (A)(1), the undersigned **RECOMMENDS DISMISSAL** of Claim (A)(1).

In Claim (B)(1), Morley argued that trial counsel "fail[ed] to proffer jury instructions for attempt[ed] carjacking[,] leaving with but one charge" to consider. Morley asserted that trial counsel should have researched additional case law supporting the defense's proffered instruction on attempted carjacking after the trial court refused the instruction. The Supreme Court of Virginia affirmed the Norfolk Circuit Court's holding that Claim (B)(1) in Morley's habeas petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland* two-prong test. *Morley*, No. CL14003336-00, at 9. The record reflects that trial

counsel offered an instruction for attempted carjacking, but the trial court responded, "I don't think attempt is a lesser included offense," then added, "And over the night, if you can find some cases that will convince me, I will be delighted to hear from you." *Id.* (citing (7/27/2010 Tr. at 255)). The following day, trial counsel declined to offer an instruction on attempt because he "felt that an attempt instruction would be improper, as the evidence would cause the jury to decide between two versions of events . . . hence confusing the jury to my client's detriment." *Morley*, No. CL14003336-00, at 9.

The Supreme Court of Virginia was reasonable in affirming the Norfolk Circuit Court's determination that Morley's argument failed to satisfy *Strickland*'s performance prong because, in the Circuit Court's judgment, the evidence on the record clearly showed that Morley's trial counsel made a sound tactical decision in declining to re-offer the instruction and seek acquittal. *See Morley*, No. 141590. The Norfolk Circuit Court noted that counsel could not have reasonably argued that Morley attempted to commit carjacking in light of the defense's theory of the case: that Morley never wrestled control of the car from McLean, and to the extent that he did, he did so to avoid an accident. *Morley*, No. CL14003336-00, at 9-10. The Norfolk Circuit Court concluded that given these circumstances, trial counsel's tactical decision to seek an acquittal rather than offer the jury a "lesser included" option was a reasonable one. *Id.* at 10.

Though Morley did not directly address prejudice, he argued generally that trial counsel's failure to offer the attempt instruction prejudiced Morley by "depriving [him] of possibly being convicted of a lesser charge." ECF No. 7 at 22. Essentially, Morley claimed that attempted carjacking is a lesser-included offense of carjacking. The Norfolk Circuit Court dismissed Morley's contention, noting that a defendant is not entitled to a jury instruction on every lesser-included offense arguably supported by the evidence. *Morley*, No. CL14003336-00, at 10.

The Supreme Court of Virginia did not unreasonably affirm the lower court's application of *Strickland*. Since the trial evidence shows that Morley's counsel indeed attempted the jury instruction Morley claimed his counsel failed to present, and later made a reasonable tactical decision not to re-urge the instruction, the Supreme Court of Virginia reasonably concluded that counsel's performance at trial was not deficient. *C.f. Mazzell v. Evatt*, 88 F.3d 263 (4th Cir. 1996) (finding trial counsel did not render deficient performance by not objecting to jury instructions on defendant's criminal liability for actions of others, or in failing to ensure that jury instructions clarified distinction between a principal and an accessory); *Brown v. Polk*, 135 Fed.Appx. 618, 627, 2005 WL 1489456 (4th Cir. 2005) (finding the Supreme Court of Virginia reasonably determined that the appellate counsel's assistance was not deficient after he failed on direct appeal to argue against a jury instruction on unanimity); *Fisher v. Lee*, 215 F.3d 438 (4th Cir. 2010) (holding that appellate counsel's representation was not deficient for failing to challenge the instruction on direct appeal, particularly given the North Carolina precedent already rejecting such a claim).

Furthermore, even if Morley could show that his counsel's performance was deficient, the Supreme Court of Virginia reasonably concluded that Morley failed to proffer any evidence that a different trial strategy would have changed the outcome of his case. The record reflects no reasonable probability that successful introduction of the jury instruction at issue would have overcome the considerable evidence indicative of Morley's guilt. *See Berghuis v. Thomas*, 560 U.S. 370, 372-73 (2012) (finding no prejudice where the record showed that it was not reasonably likely that such an omitted jury instruction would have made any difference in Petitioner's conviction in light of other evidence of guilt). Because the Supreme Court of

Virginia did not unreasonably affirm the Norfolk Circuit Court's application of *Strickland* to Claim (B)(1), the undersigned **RECOMMENDS** that Claim (B)(1) be **DISMISSED**.

In Claim (E)(1), Morley alleged appellate counsel was ineffective for missing two filing deadlines. Specifically, Morley claimed that appellate counsel failed to perfect an appeal to the Court of Appeals of Virginia, failed to seek three-judge review in the Court of Appeals, and failed to appeal to the Supreme Court of Virginia. The Supreme Court of Virginia affirmed the Norfolk Circuit Court's holding that Claim (E)(1) was without merit. *Morley*, No. 141590.

The record demonstrates that the Court of Appeals dismissed Morley's appeal as deficient on November 18, 2011, because appellate counsel failed to timely file trial transcripts. *Morley*, No. 1823-11-1. However, the record also demonstrates that Morley was granted a belated appeal in the Court of Appeals, which denied his petition on the merits on June 12, 2012. *Morley*, No. 0107-12-1, at 10. Further, the record also shows that Morley was granted a belated appeal at the Supreme Court of Virginia, which denied his petition for appeal on the merits on May 3, 2013. *Morley*, No. 121806.

Once again, the Supreme Court of Virginia was not unreasonable in affirming the Norfolk Circuit Court's holding that Claim (E)(1) failed to satisfy the prejudice prong of *Strickland*. *Morley*, No. CL14003336-00, at 10-11. Specifically, the Norfolk Circuit Court reasonably found that Morley already received the relief to which he was entitled: belated appeals in both appellate courts. *Id*; *see Ingram v. Cox*, 321 F.Supp. 90, 92 (W.D. Va. Nov. 16, 1970) (holding that a belated appeal is an effective remedy for an appellant whose counsel failed to timely perfect an appeal); *c.f., Bay v. Clarke*, 2015 WL 10435873, slip op. (E.D. Va. Dec. 4, 2015) (finding the Supreme Court of Virginia reasonably determined that failing to include certain portions of the trial transcript, later deemed dispensable, did not constitute deficient

performance under *Strickland*).   In addressing Morley's additional contention that he was entitled to a three-judge panel at the Court of Appeals, the Norfolk Circuit Court found that Morley's direct appeal was considered and denied on the merits by Virginia's highest appellate court, and that Morley could not show that he was prejudiced by appellate counsel's decision not to seek review of the intermediate appellate order by a three-judge panel. *Morley*, No. CL14003336-00, at 11.  Furthermore, Morley presented no evidence or argument in the Supreme Court of Virginia or here that appellate counsel's failure to seek review by a three-judge panel of the Court of Appeals would have changed the outcome of his case, and therefore has not met the prejudice prong of *Strickland*.  Rather, Morley conclusorily stated that appellate counsel's failure to seek review of the per curiam decision "ruined petitioner's chance at a possible favorable outcome from the three judge panel."  EFC No. 7 at 43.  As the Norfolk Circuit Court held, conclusory allegations cannot satisfy *Strickland*.  *See Morley*, No. CL14003336-00, at 11 (citing *Muhammad v. Warden*, 274 Va. 3, 18, 646 S.E.2d 182, 195 (2007), and *Hedrick v. Warden*, 264 Va. 486, 521, 570 S.E.2d 847, 862 (2002) (finding habeas petitioner had not established deficient performance or prejudice because he failed to provide any evidence to support claim)).  Because the Supreme Court of Virginia did not unreasonably affirm the Norfolk Circuit Court's application of *Strickland* to Claim (E)(1), the undersigned **RECOMMENDS** that Claim (E)(1) be **DISMISSED**.

In Claim (E)(2), Morley argued that his appellate counsel was ineffective for "raising an incorrect argument."   The Supreme Court of Virginia affirmed the Norfolk Circuit Court's holding that Claim (E)(2) in Morley's habeas petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland* two-prong test.  *Morley*, No. CL14003336-00, at 11.

The record indicates that appellate counsel argued that the trial court erred in overruling Morley's objection to McLean's demonstration of her leg to the jury. Appellate counsel, however, contended that the demonstration was prejudicial, whereas trial counsel argued that it was irrelevant. The Court of Appeals therefore declined to consider appellate counsel's argument because it was not raised at trial. Morley claimed prejudice, contending that "[h]ad [appellate] counsel raised [the] correct argument[,] it's possible that [the] Appeals Court would have agreed with the assignment of error." The Norfolk Circuit Court rejected Morley's claim as conclusory, as he failed to describe how the outcome of his trial would have been different but for appellate counsel's error. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (finding subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); *see also Call v. Polk*, 2008 WL 5427630, Nos. 1:08CV147, 1:06CR283-1, at *3 (M.D.N.C. Dec. 31, 2008) (dismissing habeas petitioner's claims for being conclusory); *Yates v. Sutton*, 2005 WL 2754181, No. 1:05CV381 (M.D.N.C. Nov. 15, 2005) (same); *Lucas v. McBride*, 505 F.Supp.2d 329, 350 (N.D.W. Va. Aug. 23, 2007) (same).

The Supreme Court of Virginia reasonably affirmed the Norfolk Circuit Court's finding that Claim (E)(2) failed to satisfy *Strickland*'s "performance" or "prejudice" prongs. Even if, *arguendo*, counsel's appellate strategy was deficient, Morley failed to meet *Strickland*'s prejudice prong by showing that the omitted argument would have changed the outcome of his case. Furthermore, even if omitting the argument was inadvertent, rather than tactical, relief for Morley is not automatic. *See Yarborough v. Gentry*, 540 U.S. 1, 8-9, 124 S.Ct. 1, 5-6, 157 L.Ed.2d 1 (2003) (establishing that relief is not automatic even when defense counsel, in focusing on certain issues in his closing argument to exclusion of others, acted inadvertently rather than as result of any tactical decision).

The relevance objection is not "clearly more persuasive" than the prejudice objection actually raised, particularly considering that the relevance objection was overruled at trial. *Morley*, No. CL14003336-00, at 9, 12 (citing 7/27/2010 Tr. at 108). The Supreme Court of Virginia reasonably affirmed the lower court's finding that the trial court correctly allowed the jury to view McLean's scar, as it corroborated her account of the carjacking. *See id.* at 12. This Court notes that the evidence of Morley's role in McLean's injuries was formidable. *See id*; *Strickland*, 466 U.S. at 677 (finding that when there is overwhelming evidence against the defendant, no substantial prejudice could have resulted from counsel's failure to introduce certain expert witness testimony on rebuttal). Aside from Morley's conclusory allegation that but for counsel's prejudice objection he would have prevailed on appeal, there is no evidence that the Court of Appeals would have ruled differently had Morley's appellate counsel furthered the relevance objection. *See United States v. Collins*, 68 F.3d 461, 1995 WL 606786, at *1 (4th Cir. 1995) ("Because [the petitioner] failed to show he was prejudiced by counsel's actions, and only asserted conclusory allegations, the district court properly denied relief on [the petitioner's] claims of ineffective assistance of counsel."). Morley's failure to show prejudice with the instant claim obviates the need for this Court to address his counsel's performance under *Strickland*. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *Waye v. Townley*, 871 F.2d 18, 21 n.3 (4th Cir. 1989) ("[I]t is unnecessary to address . . . [performance] . . . since we conclude that Waye suffered no prejudice."). Because the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim (E)(2), the undersigned **RECOMMENDS** that Claim (E)(2) be **DISMISSED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 22, be **GRANTED**, and Morley's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Morley is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/

Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 22, 2016