UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EUGENE ELLIOTT MORLEY, #1199472**

    **Petitioner,**

v.                                                     Civil Action No. 2:15-cv-134

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Eugene Elliott Morley's ("Petitioner") Motion for Further Action, ECF No. 45, and a Motion for Evidentiary Hearing, ECF No. 47, regarding a previously dismissed Petition for a Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254, ECF No. 7 ("the Petition"). Therein, Petitioner protests this Court's dismissal of three of the claims raised in the Petition on procedural default grounds, a disposition which Petitioner argues was based on fraud perpetrated upon the Court by Mr. David M. Uberman, Assistant Attorney General, counsel for Respondent Harold W. Clarke ("Respondent"). Petitioner's Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **FINDS** that Petitioner's Motion lacks merit and therefore,

**RECOMMENDS** the Petitioner's Motion for Further Action, ECF No. 45, be **DENIED** and Petitioner's Motion for Evidentiary Hearing, ECF No. 47, be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKROUND

Because the factual and procedural background of this case is integral to the Court's disposition thereof, the undersigned provides a recitation of the pertinent chronology of events leading up to the filing of Petitioner's Motion for Further Action, much of which is derived from a previous Report and Recommendation entered in this case and authored by the undersigned. *See* ECF No. 32.

A. Jury Trial

On July 28, 2010, following a jury trial in the Circuit Court for the City of Norfolk ("Trial Court"), Petitioner was convicted of one count of carjacking, in violation of Va. Code § 18.2-58.1, and one count of violation of the terms of his (unsupervised) probation. The evidence at trial included the following:

At trial, Terrika McLean ("McLean") testified that on the morning of March 15, 2009, she drove herself and Petitioner—whom she had known for approximately three (3) months—to church in McLean's recently purchased 1985 Mercedes Benz. ECF No. 22 at 4. After the service, and at Morley's direction, McLean drove to a recreation center in Little Creek. *Id.* Petitioner exited the vehicle and after a brief absence returned and asked McLean to take him to a residence in Park Place for the purpose of procuring drugs. *Id.* at 5. McLean, still seated in the driver's seat, responded that her newly purchased vehicle was uninsured and that she did not want to drive him to Park Place. *Id.* After Petitioner's efforts to convince McLean failed, McLean testified that Petitioner became "upset" and "angry," and "snatched" the keys out of the ignition. *Id.*

2

McLean also testified that she opened the driver's side door in attempt to flag down someone to help her. *Id.* While McLean pleaded with a passerby to call the police, Petitioner put the keys back in the ignition, started the car, and began moving over to the driver's seat, attempting to push McLean out of her car through the open driver's side door. *Id.* Morley then depressed the accelerator before McLean was entirely out of the car. *Id.*

McLean testified that the next thing she remembered was waking up in the nearby grass with an injured leg, later diagnosed as a skin avulsion—where "the top layer of skin is ripped off and the bone is showing" but the bone itself is not broken. *Id.* at 6.

Ricardo Hicks, a responding firefighter with Norfolk Fire and Rescue, testified during cross-examination that McLean advised him that she was prescribed "Clonazepam." *Id.* Officer Quacine Tomlinson of the Norfolk Police Department testified that he questioned Petitioner and Petitioner repeatedly stated that he was not the driver of the car at the time McLean was injured. *Id.* at 6. The jury returned a guilty verdict on July 28, 2010, and nearly one year later, on July 8, 2011, Petitioner was sentenced to eighteen (18) years and nine (9) months in jail, with five (5) years suspended. ECF No. 7 at 22-23.

B. State Court Appeal

Petitioner appealed his convictions to the Court of Appeals of Virginia, which denied the appeal on November 18, 2011, for untimely filing of trial transcripts. *See Morley v. Commonwealth*, No. 1823-11-1 (Va. Ct. App. Nov. 18, 2011). Accordingly, Petitioner was granted a belated appeal to the Court of Appeals, which was denied by *per curiam* opinion on June 12, 2012. *Morley v. Commonwealth*, No. 0107-12-1 (Va. Ct. App. June 12, 2012). It appears that Petitioner's appointed appellate counsel failed to timely appeal to the Supreme Court of Virginia. Pet'r's Mot. for Leave to Pursue Delayed Appeal, No. 0107-12-1 (Aug. 16,

2012). Accordingly, on October 24, 2012, Petitioner was granted a belated appeal to the Supreme Court of Virginia. Pet. for Appeal, No. 0107-12-1 (Oct. 24, 2012). On May 3, 2013, the Supreme Court of Virginia refused his petition on May 3, 2013. *Morley v. Commonwealth*, No. 121806 (May 3, 2013).

C. State Habeas Petition

On April 25, 2014, Morley filed a timely petition for a writ of habeas corpus to the Trial Court. ECF No. 22 at 2. Therein, Petitioner asserted the following eight (8) grounds:

> (A)(1). Ineffective Assistance of Trial Counsel: Trial counsel failed to object to the victim's (McLean) description of her leg injury and demonstration of the same to the jury.[1]
>
> (A)(2): Trial Court Error: The Trial Court erred in overruling Trial Counsel's objection when McLean testified that Petitioner "had just gotten out of jail."[2]
>
> (B)(1): Ineffective Assistance of Trial Counsel: Trial Counsel "fail[ed] to proffer jury instructions for attempt[ed] carjacking[,] leaving with but one charge" to consider. Trial Counsel should have researched additional case law supporting his proffered instruction on attempted carjacking after the Trial Court refused to give the instruction.
>
> (B)(2): Trial Court Error: The Trial Court refused Trial Counsel's proffered instruction on attempted carjacking.
>
> (C): Prosecutorial Misconduct: The Commonwealth's Attorney "excluded exculpatory evidence of prior false testimony [by McLean in the form of a medical report completed by responding emergency personnel] and used ambush tactic[s] by untimely turning over key evidence moments before trial[,] leaving Petitioner unprepared for trial." Petitioner claimed that the jury should have been

---

[1] During the carjacking, McLean's left leg protruded from the car and dragged along the ground while the car continued rolling. ECF No. 7 at 18-19. Then, McLean was thrown from the car when it collided with part of the Titustown Recreation & Visual Arts Center in Norfolk, Virginia. *Id.* When McLean tried to get up, she fell down and noticed "a white bone sticking out of [her left] leg." *Morley*, CL14003336-00, at 4 (citing July 27, 2010 Trial Tr. at 109). The injury was later determined to be a skin avulsion, where "the top layer of the skin is ripped off and bone is showing," but the bone itself was not broken. *Id.* at 5 (citing July 27, 2010 Trial Tr. at 137-38). At trial, the prosecutor asked McLean to show her leg injury to the jury. Trial Counsel objected, but the Trial Court overruled the objection, stating, "I will let her show the jury any injury she has as a result of the alleged actions of the Defendant." *Id.* (citing July 27, 2010 Trial Tr. at 108).

[2] As the Respondent noted, "[t]he record, including the trial transcript, demonstrates that the trial court, in fact, sustained defense counsel's objection to the victim's testimony concerning [Petitioner's] prior incarceration." ECF No. 22 at 2 n.1 (citing July 27, 2010 Trial Tr. at 86).

4

> informed that McLean took medication for a mental condition, which could have affected her memory.
>
> (D): Trial Court Error: The Trial Court failed to grant Petitioner's motion to set aside the verdict based upon juror bias.
>
> (E)(1): Ineffective Assistance of Appellate Counsel: Appellate Counsel missed two filing deadlines.
>
> (E)(2): Ineffective Assistance of Appellate Counsel: Appellate Counsel raised an "incorrect argument" on appeal.

*Id.* The Trial Court dismissed Petitioner's state habeas petition on July 9, 2014. *Morley v. Commonwealth*, No. CL14003336-00, at 12-13 (Norfolk July 9, 2014). The Trial Court found that Claims (A)(2), (C), and (D) were barred under *Slayton v. Parrigan*, 215 Va. 27, 28, 205 S.E.2d 680, 682 (1974), because they presented non-jurisdictional issues. Specifically, the Trial Court held that Petitioner was aware of these Claims and could have raised them both at trial and on direct appeal, but failed to do so. ECF No. 22 at 6-7. The Trial Court further noted that Petitioner's remaining Claims, alleging ineffective assistance of Trial Counsel and Appellate Counsel, failed to satisfy both the performance and prejudice prongs of the *Strickland v. Washington*, 466 U.S. 668, 687 (1994) test for determining ineffective assistance of counsel. *Id.* at 8-12.

On August 6, 2014, Petitioner appealed the Trial Court's denial of his state habeas petition to the Supreme Court of Virginia, raising the same grounds contained in the state habeas petition. The Supreme Court of Virginia refused Petitioner's petition for appeal on March 17, 2015, finding no error in the Trial Court's ruling. *Morley v. Commonwealth*, No. 141590 (March 17, 2015).

D. <u>Federal Habeas Petition</u>

On March 23, 2015, Petitioner timely filed a habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. Although docketed as a petition, it was simply a single page letter requesting that the Clerk's Office provide him with the standard habeas petition form. The Clerk provided Petitioner with the form, and on May 21, 2015, Petitioner filed an Amended Petition ("the Petition") using the form and detailing his substantive claims. ECF No. 7. Accordingly, the Petition filed on May 21, 2015, ECF No. 7, was treated as the operative pleading for this case. Therein, Petitioner raised essentially the same grounds he had alleged in his state habeas petition. *Id.* Specifically, Petitioner asserted the following claims:

1) Trial Counsel provided ineffective assistance by failing to object to evidence that was highly prejudicial and likely to sway the jury, thus depriving Petitioner of his constitutional right to an impartial jury (Claims (A)(1) and (A)(2));

2) Trial Counsel provided ineffective assistance by failing to proffer a jury instruction for attempted carjacking, leaving the jury with only one charge to be deliberated, thus depriving Petitioner of the opportunity to be convicted of a lesser offense (Claim (B)(1));

3) The prosecutor excluded exculpatory evidence of prior false testimony and used ambush tactics by untimely turning over key evidence moments before trial began, thereby leaving Petitioner unprepared for trial and unable to present his best defense (Claim (C));

4) The Trial Court failed to grant Motion to set aside the verdict due to bias of the jury members, in violation of the due process clause of the United States and Virginia Constitutions (Claim (D));

5) Appellate Counsel was ineffective for missing two filing deadlines and for raising an incorrect argument on appeal (Claims (E)(1) and (E)(2)).

*Id.* at 5-15, 22.[3]

---

[3] The undersigned interpreted the Petition as raising all of the same Claims as were raised in the state habeas petition with the exception of Claim (B)(2), which alleged that the Trial Court refused Trial Counsel's proffered instruction

6

On October 1, 2015, the Attorney General of Virginia, by and through Assistant Attorney General Mr. David M. Uberman ("Counsel for Respondent"), and on behalf of the Respondent, filed a Motion to Dismiss, a Rule 5 Answer, a brief in support, and a *Roseboro* notice. ECF Nos. 20-23. On October 26, 2015, Petitioner filed a handwritten Opposition to the Respondent's Motion to Dismiss. ECF No. 26. On November 2, 2015, Petitioner filed exhibits in support of his handwritten Opposition, ECF No. 28, and on December 4, 2015, Petitioner submitted a Notice, ECF No. 29, advising the Court of his intention to file a typed version of his Opposition, citing his concern that the Court would be unable to decipher his penmanship in the handwritten version. On February 1, 2016, Petitioner filed the typewritten version of his Opposition, ECF No. 30, advising that if the Court accepted this typed version, Petitioner "want[ed] it to be known mistakes when noticed were corrected and sentences that did not sound correct to petitioner were slightly changed, words left out were added and the last paragraph was taken out cause [sic] it was petitioner apologizing for it being handwritten." *Id.* at 9.

On April 22, 2016, the undersigned entered a Report and Recommendation ("R&R"), ECF No. 32, that recommended granting the Respondent's Motion to Dismiss, and denying and dismissing the Petition with prejudice. In reaching this recommended disposition, the undersigned concluded that although all of Petitioner's claims were exhausted, a portion of Claim 1, Claim 3, and Claim 4 (a.k.a. Claims (A)(2), (C), and (D)) were procedurally defaulted and Petitioner failed to make an adequate showing of cause to excuse procedural default of these three Claims. *See Id.* at 7-11. Regarding Petitioner's allegations of ineffective assistance of Trial and Appellate Counsel (Claims A(1), B(1), E(1), and E(2)), the undersigned found that the Supreme Court of Virginia's rejection of these Claims when they were raised in Petitioner's state

---

on attempted carjacking. *Compare* ECF No. 32 at 3-4 (detailing the Claims raised in the state habeas proceeding), *with* ECF No. 7 at 5-15, 22 (description of Claims raised in the federal habeas proceeding).

7

habeas proceeding was neither unreasonable nor contrary to existing federal law because Defendant failed to establish both prongs of the two prong *Strickland* standard for determining ineffective assistance of Trial and Appellate Counsel. *See Id.* at 11-20.

On May 9, 2016, Petitioner timely filed his Objections to the R&R. ECF No. 33. The Respondent filed no response to Petitioner's Objections, nor any Objections of his own, and after the time for doing so expired, the United States District Judge entered a Final Order dated June 14, 2016. ECF No. 35. Therein, the District Judge adopted and approved the findings and recommendations set forth in the R&R, thereby granting the Respondent's Motion to Dismiss and denying and dismissing the Petition with prejudice. ECF No. 35 at 2.

On June 27, 2016, Petitioner filed a Notice of Appeal with the Fourth Circuit. ECF No. 37. On January 13, 2017, the Fourth Circuit denied Petitioner's appeal, finding that because the District Court denied relief on procedural grounds, Petitioner was required to demonstrate both that the dispositive procedural ruling was debatable, and that the Petition stated a debatable claim of the denial of a constitutional right, but that upon the Fourth Circuit's independent review of the record, Petitioner had not made such requisite showing. ECF No. 40 at 2 (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). On February 21, 2017, the Fourth Circuit denied Petitioner's petition for rehearing *en banc*, ECF No. 43, and on March 1, 2017, the Final Order entered by the Fourth Circuit on January 13, 2017, took effect, making the denial and dismissal of the Petition a final judgment, ECF No. 44.

E. Petitioner's Motion for Further Action (ECF No. 45)

On July 11, 2018,[4] Petitioner filed, *pro se*, what the District Judge described as a "letter motion" with the Court, explaining that he was contacting the Court "to report the fraud on the

---

[4] By virtue of his status as a *pro se*, incarcerated litigant, Petitioner is afforded the benefit of the application of "the mailbox rule." In *Houston v. Lack*, the Supreme Court "announced the prison mailbox rule[,] establishing that a *pro*

8

court that took place under your jurisdiction by [Counsel for Respondent]." ECF No. 45 at 1. Therein, Petitioner identified two general fraudulent acts of Respondent. The first was that "[Counsel for Respondent] violated the professional work ethics all practicing Attorney's [sic] are held to by the Virginia State Bar by his knowingly making false statements of fact and law. (a violation of Rule 3.3(a)(1) of the V.S.B.)." *Id.* Additionally, Petitioner alleges that "[Counsel for Respondent] further violated my State and Federal Constitutional right to due process when after my contacting him to aware [sic] him of his error's [sic] and asking him to aware [sic] your Honorable Court of his err's [sic] obstructed justice by his failing to do so." *Id.* Specifically, Petitioner claims that Counsel for Respondent perpetuated a fraud upon the Court by making the misleading statement that three of Petitioner's habeas claims, Claims (A)(2), (C), and (D), were procedurally barred for failure to raise them with the state Trial Court or on direct appeal.[5] According to Petitioner, this was untrue, because Petitioner "did infact [sic] raised [sic] what [Counsel for Respondent] said I had not." *Id.*

Petitioner appended three exhibits to this letter motion and stated that Exhibits A and B "are my proof that I did raise the issue(s) in my federal habeas at my trial level or on my appeal." *Id.* at 2. Petitioner explains that "Exhibit (A) is the cover page of my motion to set aside the verdict or award a new trial which was date stamped filed on the 13th day of January 2011,

---

*se* litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk' . . . . The prison mailbox rule protects against potential mishandling or delay by prison staff and others, whether intentional or unintentional." *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). Thus, although Petitioner's Motion was not received and filed by the Clerk's Office until July 17, 2018, because the certificate of service indicates that Petitioner signed and provided the Motion to prison officials for mailing on July 11, 2018, the undersigned considers this earlier date as the effective filing date.

[5] As noted in Part I.D, *supra*, the undersigned found that Claim (A)(2) (Trial Error: The Trial Court erred in overruling Trial Counsel's objection when McLean testified that Petitioner "had just gotten out of jail."); Claim (C) (Prosecutorial Misconduct: The Commonwealth's Attorney "excluded exculpatory evidence of prior false testimony [by McLean in the form of a medical report completed by responding emergency personnel] and used ambush tactic[s] by untimely turning over key evidence moments before trial[,] leaving Petitioner unprepared for trial" and Petitioner claimed that the jury should have been informed that McLean took medication for a mental condition, which could have affected her memory.); and Claim (D) (Trial Court Error: The Trial Court failed to grant Petitioner's motion to set aside the verdict based upon juror bias) were procedurally defaulted because they could have been raised at trial or on direct appeal and were not. *See* ECF No. 32 at 7-11.

which Judge John Doyle ordered to be heard 5 months and 25 days after my trial, on the day of my sentencing." *Id.* Petitioner argues that because sentencing is still considered the trial level, and because it was his earliest opportunity to make the court aware of the new evidence and the fraud perpetrated on the court, his argument at the sentencing hearing is sufficient proof that he timely raised those claims before the Trial Court. *Id.* Petitioner further explains that "Exhibit (B) is page (7) of my direct appeal to the court of appeals of Virginia; Record #1823-11-1. In the last paragraph of page 7 clearly argued what [Counsel for Respondent] said I had not, and that is that prejudicial evidence was delivered to the jury in err, the exact same argument that was contained in my federal habeas corpus." *Id.* Petitioner states that "exhibit (C) [] is a copy of the letter I sent to [Counsel for Respondent], which included the same two (2) exhibit(s) which left no doubt that he erred." *Id.* Petitioner prays that the Court review the facts, find that Claims (A)(2), (C), and (D) are not procedurally barred, and consider the merits of each of those claims.[6] *Id.*

F. <u>Petitioner's Motion for Evidentiary Hearing (ECF No. 47)</u>

On July 27, 2018, Petitioner filed, *pro se*, a letter to the undersigned that is effectively a motion for an evidentiary hearing. ECF No. 47. Therein, Petitioner argues he is entitled to an evidentiary hearing pursuant to *Juniper v. Zook*, where the Court of Appeals for the Fourth Circuit held the district court abused its discretion by failing to provide Juniper with an evidentiary hearing related to alleged *Brady* violations. 876 F.3d 551, 556 (4th Cir. 2017). Petitioner requests the undersigned "order an evidentiary hearing, for it is only through an

---

[6] Defendant references his individual claims by using the numbering provided in his state habeas petition rather than his federal habeas petition. For the sake of ease, the Court identifies Petitioner's claims using the numbering from the state petition. Claim (A)(2) from the state habeas petition was broadly construed by this Court as being included in Petitioner's federal habeas petition Claim (1). *See* ECF No. 32 at 7-8. Claims (3) and (4) of Petitioner's federal habeas petition include state habeas petition Claims (C) and (D).

evidentiary hearing that all factual discrepancies can be resolved" and requests he be appointed an attorney to prepare for any proceedings. ECF No. 47.

## II. DISCUSSION

A. <u>Petitioner's Motion for an Evidentiary Hearing</u>

The Court addresses first whether an evidentiary hearing is necessary and/or required to address the merits of

Petitioner Motion for Further Action, ECF No. 45. Petitioner seeks a hearing on "[Counsel for Respondent's] violat[ion of] the professional work ethics . . . by his knowingly making false statements of fact and law" when Counsel for Respondent argued Claims (A)(2), (C), and (D) were not raised with the trial court or on direct appeal and, thus, were procedurally barred. ECF No. 45. Petitioner further argues that, because one of the claims in his federal habeas petition alleged a *Brady* violation, he is entitled to a hearing consistent with *Juniper v. Zook*, 876 F.3d 551.

It is well-established that habeas petitioners are not automatically entitled to an evidentiary hearing. As the Fourth Circuit explained,

> "A petitioner who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963)."

*Juniper*, 876 F.3d at 563 (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)). The six *Townsend* factors are:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not

11

adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* at 563 n.5 (citing *Townsend*, 372 U.S. at 313). Should the above factors be met, a petitioner would be entitled to an evidentiary hearing under *Juniper*. However, *Juniper* does not entitle Petitioner to an evidentiary hearing as it relates to the alleged misconduct of Counsel for Respondent that is the subject of the Motion for Further Action, which is collateral to the Petition itself.[7] The Court previously made findings of fact and law, *see* ECF Nos. 32 (Report and Recommendation) and 35 (Final Order adopting the Report and Recommendation), with the benefit of Petitioner's entire record, including records from Petitioner's trial, appeal, state habeas petition, and federal habeas petition,[8] and Petitioner has failed to allege that any of the *Townsend* factors have been met. *See* ECF No. 45, 47. For this reason, the Court need not hold an evidentiary hearing to resolve Petitioner's Motion for Further Action, ECF No. 45. Thus, the undersigned **DENIES** Petitioner's Motion for an Evidentiary Hearing, ECF No. 47.

B. Petitioner's Motion for Further Action

*i. Respondent Did Not Misrepresent Facts to the Court*

Turning to the merits of Petitioner's Motion for Further Action, Petitioner argues Respondent made intentional misrepresentations and committed a fraud on the Court when he stated in his Motion to Dismiss that Petitioner failed to raise claims (A)(2), (C), and (D) at trial or on direct appeal.[9] ECF No. 45 at 1. Petitioner further argues that Counsel for Respondent

---

[7] *Juniper* does not require a hearing in every case where a *Brady* violation is alleged, but the Fourth Circuit did require it in that case because the district court "failed to assess the plausibility of [petitioner's] claim through the proper legal lens." 876 F.3d at 556.
[8] Petitioner argues that an evidentiary hearing is necessary because Respondent made material misrepresentations that are the subject of ECF No. 47 and the Court erred in its ruling because it relied on Respondent's misrepresentations. However, this is not the case, the Court has the benefit of Petitioner's entire record and does not solely rely on the representations of the parties.
[9] Notably, Counsel for Respondent did not argue that Claim (A)(2) was procedurally defaulted. Rather, it appears Respondent believed that Claim (A)(2) had not been presented in the instant petition. *See* ECF No. 22 at 3 (wherein

violated Petitioner's rights when he failed to make the Court aware of his earlier misrepresentation. *Id.* The Court has previously addressed Claims (A)(2), (C), and (D) and confirmed the procedural history underlying Petitioner's instant federal habeas petition. ECF No. 32 at 8-11 (finding that Petitioner failed to raise Claims (A)(2), (C), and (D) at trial and on direct appeal, concluding that those claims were procedurally defaulted under adequate and independent state law grounds) and 35 (adopting and approving the findings and recommendations of the RxR following *de novo* review). Notably, Petitioner made this argument before, as he previously alleged that Respondent has been deceptive and made mischaracterizations to the Court and the Court has, in ruling on the Petition, implicitly dismissed Petitioner's allegations as baseless.[10] ECF Nos. 32, 35.

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir.

---

Respondent matches claims from the Petition with claims presented in the state habeas petition and omitting the state habeas petition's Claim (A)(2), implying that claim was not raised in the Petition). The only real mention of Claim (A)(2) occurs when Respondent stated "On July 9, 2014, the state habeas court dismissed [Petitioner's] habeas petition. (Case No. CL14-3336). The state habeas court found that claims (A)(2), (C), and (D) were barred under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because they presented non-jurisdictional issues, which [Petitioner] knew about and could have raised at trial and on direct appeal but did not." ECF No. 22 at 2-3.
[10] In Petitioner's Opposition to Respondent's Motion to Dismiss, Petitioner argued Counsel for Respondent "misconstrued [P]etitioner's federal habeas corpus in several instances." ECF No. 30 at 1. Petitioner argued Respondent has erred in numerous respects both during Petitioner's state habeas petition and now as it relates to Petitioner's federal habeas petition. *Id.* at 1-4. Petitioner argued that Respondent was incorrect that Petitioner had procedurally defaulted Claims (A)(2), (C), and (D), and further argued that Petitioner had proved there was no default because he had previously timely raised those claims. *Id.* at 5. Petitioner states Respondent's Motion to Dismiss (including similar motions submitted to the Norfolk Circuit Court and Virginia Supreme Court related to the state petition) was "incorrect, flawed, and contained numerous error's [sic] that [Counsel for Respondent] persist [sic] on entreating even to this very court." *Id.* at 6. In support of his Opposition Petitioner's appended his Motion to Set Aside Verdict or Award New Trial presented originally to the Trial Court, which is now before the Court in support of his Motion for Further Action as Exhibit (A). ECF No 26 at 14. Further, in his Objections to the RxR, Petitioner states "[Counsel for Respondent] has successfully deceived the Norfolk Circuit Court, the Supreme Court of Virginia, and now the Honorable Judge L.Leonard [sic] into thinking that [P]etitioner failed to raise his claim(s), (A)(2), (C), and (D) at 'his trial or on appeal.'" ECF No. 33 at 1. Thus, contrary to Petitioner's claim now, these arguments are not new.

1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (1997). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

To support Petitioner's argument that he did raise Claims (A)(2), (C), and (D) with the Trial Court, Petitioner provides the first page of Petitioner's Motion to Set Aside Verdict or Award New Trial, submitted to the state trial court following his conviction.[11] ECF No. 45, attach. 1. In Petitioner's Motion to Set Aside Verdict or Award New Trial, Petitioner argues the Trial Counsel committed several errors.[12] However, Claim (A)(2) and (D) allege errors of the Trial Court and Claim (C) alleges prosecutorial misconduct. *See* ECF No. 22, attach. 1 at 2; *see also* ECF No. 7 at 5-10. Thus, Petitioner's Motion to Set Aside Verdict or Award New Trial

---

[11] Rather than constituting new evidence not considered by the Court, prior to the issuance by the District Judge of his Final Order, ECF No. 35, this document was twice previously provided to the Court by Petitioner. *See* ECF No. 26 at 14 and ECF No. 33 at 13.

[12] On the first page of the Motion to Set Aside Verdict or Award New Trial, the only portion of the document provided, Petitioner argued only that Trial Counsel was ineffective when he: (1) failed to submit as evidence notes of EMS Hicks; (2) failed to submit as evidence a civil suit bill in the amount of $6,920 from the City of Norfolk; (3) failed to submit as evidence a letter from attorney Rowlett indicated the time and date Petitioner was to testify against McLean in a grand larceny case in which Petitioner and McLean were co-defendants; (4) failed to submit as evidence the arrest summary of Norfolk Police Officer Tomlinson; (5) failed to submit as evidence the transcript of proceedings held on June 9, 2009, where McLean testified she bought her case three weeks prior. ECF No. 45, attach. 1. Petitioner made no argument in his Motion to Set Aside Verdict or Award New Trial that the Trial Court or the prosecutor erred.

does not present any evidence that Petitioner raised Claims (A)(2), (C), or (D) before the Trial Court.

Petitioner also provides page seven of his appeal to the Virginia Court of Appeals, which Petitioner argues is evidence that he did raise Claim (A)(2) on appeal.[13] ECF No. 45, attach. 2. In his appeal, Petitioner stated "the prosecution adduced evidence, which the trial court allowed, indicating that [Petitioner] 'had just gotten out of jail,' and that he 'needed to go get his drugs.'" *Id.* (internal citations omitted). However, the one page Petitioner provides does not state whom he alleged committed the error (noting that Petitioner has not always been consistent in arguing whether Trial Counsel, the prosecutor, or the Trial Court erred; also noting that Claim (A)(2) of Petitioner's state habeas was denied for failing to argue at trial or on direct appeal that *the trial court erred*). Thus, page seven (7) of Petitioner's brief to the Virginia Court of Appeals does not present any evidence that Petitioner raised Claim (A)(2), alleging an error of the Trial Court, on direct appeal. *See* ECF No. 45, attach. 2.

The Court previously found that Claims (A)(2), (C), and (D) were procedurally defaulted. ECF Nos. 32, 35. The two exhibits Petitioner attached in support of his motion do not support Petitioner's position that he raised Claims (A)(2), (C), or (D) before the Trial Court or on direct appeal.[14] *See* ECF No. 45, attachs. 1-2. The Norfolk Circuit Court dismissed Claims (A)(2), (C), and (D) in Petitioner's state habeas petition as procedurally deficient, noting that Petitioner could have raised the claims at trial or on direct appeal and failed to do so. *Morley v. Commonwealth*, No. CL140033336-00, at 6 (Norfolk July 9, 2014). Norfolk Circuit Court found Claims (A)(2), (C), and (D) were barred by *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), which constitutes an adequate and independent state law ground. *Id.* Finding no

---

[13] Rather than considered new evidence not considered by the Court, this document, too, was previously provided to the Court by Petitioner prior to the Court's Final Order. *See* ECF No. 33 at 14.
[14] Petitioner attached three exhibits to his Motion for Action, the third of which is addressed *infra*.

error in the lower court's ruling, the Supreme Court of Virginia refused [Petitioner]'s state habeas petition. *Morley v. Commonwealth*, No. 141590 (Va. March 17, 2015). The factual background summarized by Counsel for Respondent, ECF No. 20-22, is consistent with the independently verified factual and procedural history underlying the instant Petition. Thus, the Court **FINDS** that Counsel for Respondent did not err or commit a fraud on the Court in representing that Claims (A)(2), (C), and (D) were not raised at trial or on direct appeal and were procedurally defaulted.[15]

### ii. Respondent Did Not Violate Petitioner's Right to Due Process

Attached to his Motion for Further Action was a letter Petitioner sent to Counsel for Respondent warning him of his alleged errors and providing him with copies of Petitioner's Exhibit (A), ECF No. 45, attach. 1, and Exhibit (B), *Id.*, attach. 2. *Id.*, attach. 3. Although Petitioner does not explicitly provide what he intends this letter to show, the Court deduces it is meant to evidence that Petitioner raised this issue with Counsel for Respondent, who then failed to correct the alleged error and, according to Petitioner, "obstructed justice" by not making "aware your Honorable Court of his err's [sic]." *Id.* However, because the Court has found that Counsel for Respondent did not misrepresent facts to the Court, Respondent made no compounding error (or violation of Petitioner's due process rights) by failing to bring this alleged misstatement to the Court's attention. Thus, the Court **FINDS** that the Respondent did not violate Petitioner's due process rights by failing to notify the Court of the error that Petitioner wrongfully believes had occurred.

---

[15] Noting again that, Respondent did not argue Claim (A)(2) was procedurally defaulted, but rather properly recited the findings of the state habeas court, which found Claim (A)(2) to be procedurally defaulted.

## III. RECOMMENDATION

For the aforementioned reasons, the undersigned **RECOMMENDS** that Petitioner's Motion for Further Action, ECF No. 45, be **DENIED**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 24, 2018

18