UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EUGENE ELLIOTT MORLEY, #1199472

    Petitioner,

v.                                                 Civil Action No. 2:15-cv-134

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

### FINAL ORDER

Before the Court is Petitioner's Motion for Further Action, ECF No. 45, regarding a previously dismissed Amended Petition for a Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254, ECF No. 7. Therein, Petitioner protests this Court's dismissal of three of the claims raised in the Petition on procedural default grounds, a disposition which Petitioner argues was based on fraud perpetrated upon the Court by Mr. David M. Uberman, Assistant Attorney General, counsel for Respondent Harold W. Clarke ("Respondent"). The Motion was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The Magistrate Judge's Report and Recommendation filed

October 24, 2018, recommends that Petitioner's Motion for Further Action be DENIED. ECF No. 48 at 17. On November 14, 2018, the Petitioner timely filed objections to the Report and Recommendation.[1] ECF No. 50. On November 21, 2018, the Respondent, by counsel, Rachel Lynsie Yates,[2] filed a response to Petitioner's objections. ECF No. 52. On December 10, 2018, Petitioner filed a reply "objecting to Assistant Attorney General, Ms. Rachel L. Yates, Motion to note appearance of Counsel" and the "response to the Petitioner's objection motion to the report and recommendation[.]" ECF No. 54. In addition, Petitioner requests that this Court "hold off on it's [sic] ruling of it's [sic] final order until Mr. Uberman answer's [sic] his Interrogatory." Id.

Although labeled as a Motion for Further Action, Petitioner appears to make a Rule 60(b) motion, seeking relief from the Court's prior judgment or order. Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment or order. These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

---

[1] Included in Petitioner's objections to the Report and Recommendation, were interrogatories to Mr. Uberman, that Petitioner directed Mr. Uberman to respond to within 30 days from the date the objections were mailed.

[2] Ms. Yates filed a Notice of Appearance, along with the Response to Petitioner's objections to the Report and Recommendation, due to Mr. Uberman being on family leave.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Specifically, Petitioner alleges fraud by opposing counsel, which falls under Rule 60(b)(3). Federal Rule of Civil Procedure 60(c)(1) further states that a Rule 60(b) motion must be made within "a reasonable time" and for grounds (1), (2), or (3), within one year from the date of the final judgment. Fed. R. Civ. P. 60(c)(1). "[T]he movant bears the burden of showing timeliness." Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016) (citing Werner v. Carbo, 731 F.2d 204, 206-07 & n. 1 (4th Cir. 1984).

Here, Petitioner's motion was filed on July 17, 2018, more than one year after the date this Court issued its "Final Order" on June 14, 2016 on his § 2254 petition. Any 60(b)(3) motion is untimely. Furthermore, even if Petitioner's motion is viewed as falling under Rule 60(b)(6), which is not strictly limited to one year, such a motion must still be presented within "a reasonable time" of the original judgment or order. Here, the Petitioner waited for over two years after this Court's final order and approximately 18 months after the Fourth Circuit's denial of a certificate of appealability, which is not

reasonable.[3] His motion is therefore **DISMISSED** as untimely pursuant to Rule 60(c). See Moses v. Joyner, 815 F.3d 163, 167 (4th Cir. 2016) (noting that the "reasonable time" standard affords "considerable latitude" to district courts, but further highlighting the importance of applying such standard in a way that guards the critical principle of finality in criminal cases); see, e.g., McLawhorn v. John W. Daniel & Co., 924 F.2d 535., 538 (4th Cir. 1991) (holding that a Rule 60(b) motion filed three and a half months after a summary judgment order was untimely); United States v. Peters, No. 3:08cr186, 2018 WL 5778399, at *2 (E.D. Va. Nov. 2, 2018) (finding Rule 60(b) motion filed more than two years after the entry of the challenged judgment was untimely).

Alternatively, the Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation filed October 24, 2018 with respect to the merits

---

[3] Petitioner also cannot justify his delay in bringing this Rule 60(b) motion on the basis of the appeal to the Fourth Circuit. Parties may not defer bringing a Rule 60(b) motion to wait to see what the outcome of an appeal may be. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) ("[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," the Rule 60(b) motion should be denied as "merely an inappropriate substitute for an appeal."

4

of Petitioner's Motion for Further Action. The motion is, therefore, **DENIED** on the merits.

Finally, on February 4, 2019, Petitioner filed a "Motion for Further Action Inquiry," which requests that the Court order discovery and grant Petitioner an evidentiary hearing. ECF No. 55. Petitioner presents the same arguments for an evidentiary hearing as in his original motion and objections to the Report and Recommendation. Petitioner further argues that only Mr. Uberman may file on behalf of the Respondent. See ECF. No. 54. A party has a "right to freely choose counsel." Tessier v. Plastic Surgery Specialists, Inc., 731 F. Supp. 724, 729 (E.D. Va. 1990). Thus, there is no reason Respondent cannot be represented by Ms. Yates, and no reason to defer any final order until Mr. Uberman is able to file a response on Respondent's behalf. As the Court has already considered Petitioner's other arguments to compel discovery and hold an evidentiary hearing, the motion is **DENIED**.

The Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

The Petitioner has failed to demonstrate a substantial

showing of the denial of a constitutional right, and therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for the Respondent.

It is so **ORDERED**.

/s/ Mark S. Davis
Chief Judge

MARK S. DAVIS
CHIEF UNITED STATES DISTRICT JUDGE

February 22, 2019